UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORLIMA RENEE COLQUITT,       ) | |
| ) | |
|     Plaintiff(s),       ) | |
| ) | |
| vs.       ) | Case No. 4:11CV1460 JCH |
| ) | |
| ST. JOHN'S MERCY HEALTH       ) | |
| SERVICE,       ) | |
| ) | |
|     Defendant(s).       ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, filed October 3, 2011.  (ECF No. 9).  Plaintiff has not responded to the motion.

**BACKGROUND**

On July 1, 2009, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, which was dually filed with the EEOC.  The Charge alleged discrimination on the basis of race, and stated in its entirety as follows:

> I began working for [St. John's Mercy Health Service] on October 6, 2008, as a Patient Account Representative (PAR).  Nicole Johnson, black, became my immediate supervisor.  I was to be placed into a new position that combined the pharmacy collections with the billings department.  In March of 2009, Nicole Johnson was terminated from her position and Leah Lambert, white, became my new supervisor.  There were two black PARs out of an approximate 15 PARs on Lambert's team.  I was subjected to different terms and conditions of employment by Catherine Amen, the Executive Director of Receivables, after I was placed on Lambert's team.
>
> During my employment I was trained by an employee who had not been properly trained on the pharmacy collections procedures, and he was unable to assist me with this task.  I requested additional training that was approved by Nicole Johnson but denied by Catherine Amen.  Whenever I left my desk Amen began to question my whereabouts, while my supervisor had no problem with me in this area.  Amen required that I not clock in before 6:30 am each morning while other employees were able to utilize the 7 minute variance policy.  I was also told that I could not go off site for lunch until I

> showed Leah Lambert, my current supervisor, policy stating that I could go off site as long as I clocked out and back in from lunch.
>
> I was terminated from my position on June 15, 2009, and told that it was because I had failed to follow departmental policy or procedure, and for improper use of confidential information. Sue Groudin, white PAR also violated the HIPPA law. Groudin was suspended and not terminated. I believe that I was terminated because of my race, black.
>
> I believe that I was discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, by being subjected to different terms and conditions of employment than my white co-workers, and then terminated from my position.

(ECF No. 1-2, P. 2). The EEOC issued Plaintiff a Notice of Right to Sue on July 12, 2011. (ECF No. 1-1).[1]

Plaintiff filed her Employment Discrimination Complaint ("Complaint") with this Court on August 19, 2011. (ECF No. 1). In her Complaint, Plaintiff alleges discrimination on the bases of race and disability, and racial harassment. With the instant motion, Defendant moves to dismiss the portions of Plaintiff's Complaint asserting claims for racial harassment and disability discrimination. (ECF No. 9, P. 1). Specifically, Defendant maintains that Plaintiff failed to exhaust her administrative remedies as to those claims. (Id.).

**STANDARD FOR MOTION TO DISMISS**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained

---

[1] On August 21, 2009, the Missouri Commission on Human Rights administratively closed Plaintiff's Complaint, as it was filed against an organization not covered by the Missouri Human Rights Act, i.e., one owned and operated by a religious or sectarian group. (See ECF No. 1-2, P. 1).

in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007).  Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

"Before a plaintiff may file a complaint in federal court alleging violations of the ADA, the ADEA, or Title VII, [s]he must first exhaust [her] administrative remedies."[2] Wilkes v. Washington University School of Medicine, 2007 WL 1040929 at *2 (E.D. Mo. Apr. 3, 2007), citing Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (ADEA); Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (Title VII); Habib-Stevens v. Trans States Airlines, Inc., 229 F.Supp.2d 945, 946 (E.D. Mo. 2002) (ADA).  In Parisi, the Eighth Circuit elaborated upon the administrative exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary

---

[2] "Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter." Wilkes, 2007 WL 1040929 at *2 (citation omitted).

> compliance and conciliation. The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court. Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made. The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge.

Parisi, 400 F.3d. at 585 (internal quotations and citations omitted). "A plaintiff may not raise in federal court allegations outside the scope of the EEOC charge." Hatton v. Accord Bldg. Services, L.L.C., 2010 WL 2540117 at *1 (E.D. Mo. Jun. 16, 2010) (internal quotations and citation omitted).

In her initial Charge of Discrimination, Plaintiff nowhere mentioned her disability. Plaintiff herself acknowledges this in her Complaint, stating, "I didn't mention this in my EEOC Charge but I felt it might be of importance… I'm terminally ill and around March 09 I started using St. Mercy Insurance for my doctor's visits… it seemed to me and I may be wrong but the discrimination and harassment got worse around that same time!" (ECF No. 1, P. 7). Under these circumstances, the Court cannot find that an investigation regarding disability discrimination "reasonably could [have been] expected to result from the administrative charge." Parisi, 400 F.3d at 585. Plaintiff's claim of disability discrimination therefore must be dismissed, as Plaintiff failed to exhaust her administrative remedies with respect to such claim.

Regarding the harassment claim, however, Plaintiff specifically alleged in her Charge of Discrimination that (1) she was insufficiently trained, (2) her request for additional training was denied, (3) her whereabouts during duty hours were questioned, (4) her request to utilize the "7 minute variance policy" was denied, and (5) her requests to go off-site for lunch were denied. (ECF No. 1-2, P. 2). Plaintiff further alleged that the above-described conditions occurred because of her race, and that she worked in an environment where racially motivated actions inhibited her ability to

do her job properly.  (Id.).  While it is true Plaintiff did not allege the use of racial epithets, insults, or pervasive abusive language in her Charge of Discrimination, such allegations are not necessarily prerequisites to a finding of racial harassment.  See e.g. Watson v. CEVA Logistics U.S., Inc., 619 F.3d 936 (8th Cir. 2010) (citing multiple facially-neutral incidents, in addition to racially charged remarks, in holding the district court should not have granted summary judgment for defendants); Davis v. Kansas City Housing Authority, 822 F.Supp. 609, 613 (W.D. Mo. 1993) (holding the fact that plaintiff's employment was "marked by disparate treatment and deliberate attempts… to make plaintiff's job more difficult than was necessary," supported a finding of racial harassment).

Upon consideration, the Court finds the allegations in Plaintiff's initial Charge are consistent with, and "reasonably related" to, her current claim of racial harassment.  Patterson v. Dayton Freight Lines, Inc., 2007 WL 4640520 at *2 (E.D. Mo. Dec. 31, 2007).  Therefore, this Court cannot agree with Defendant's contention that Plaintiff failed to exhaust her administrative remedies with regard to her racial harassment claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (ECF No. 9) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's claim of disability discrimination is **DISMISSED**.

Dated this 1/12/12 day of January, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE